Shawn M. Kesling, No. 71969
Idaho State Correctional Center, Unit B2-2A
P.O. Box 70010
Boise, Idaho 83707

Plaintiff

U.S. COURTS
DEC 26 2018
Rcvd____Filed____Time____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN M. KESLING, <br> Plaintiff, <br><br> vs. <br><br> HENRY ATENCIO, <br> Former Director, Idaho Department of Corrections, <br> Defendant. | Case No.: 1:18-cv-568-BLW <br><br> Hon. <br><br> COMPLAINT WITH JURY DEMAND <br> (42 U.S.C. Sec. 1983) |

INTRODUCTION

This is a civil rights action brought by Shawn M. Kesling, who is presently incarcerated, for damages, declaratory and injunctive relief under 42 U.S.C. 1983, alleging denial of access to courts in the following particulars: frustrating or impeding Plaintiff's Petition for Writ of Habeas Corpus

p.1

Challenging the Constitutionality of his confinement in violation of the First and Fourteenth Amendments to the United States Constitution or under the similar protections provided by Article I Section III of the Idaho Constitution.

## JURISDICTION

1. This court has jurisdiction over the plaintiff's claims of federal constitutional rights violations under 42 U.S.C. 1331(1) and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law claims under 28 U.S.C. 1367.

## PARTIES

3. The Plaintiff, Shawn M. Kesling, was a resident of the state of Idaho, in Ada County, residing at the Idaho State Correctional Center, 14601 S. Pleasant Valley Road, Kuna, Idaho 83642, during the events described in this complaint.

4. Defendant, Henry Atencio, is the former Director of the Idaho Department of Corrections, located at 1299 N. Orchard Rd, Boise, Idaho 83705, and served in such position throughout all times alleged by complaint. He is sued in his official capacity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. The plaintiff has fully exhausted any and all administrative remedies, specifically, the Idaho Department of Corrections

P. 2

grievance process.

## PENDING AND/OR PREVIOUS ACTIONS

6. Plaintiff has not filed any other lawsuits or similar actions in state or federal court dealing with the same facts as alleged in this complaint.

7. Plaintiff has filed the following pending or previous actions:

   a. Shawn Kesling v. Ada County Sheriff, Case No.: 1:13-cv-00339-REB, dismissed without prejudice, December 20, 2013.
   b. Shawn M. Kesling v. Abraham Wingrove, et al.; Case No.: 1:18-cv-00540-BLW, filed December 12, 2018. This matter is still pending before the court.

8. On information and belief, plaintiff has not received a strike under the provisions of 28 U.S.C. 1915(g).

## FACTS

9. On February 22, 2018, plaintiff was served with a warrant and corresponding detainer alleging a violation of probation in State of Florida v. Shawn Kesling, Case No.: 01-2007-CF-4206A.

10. Although plaintiff was incarcerated, he could not avail himself through the use of the Interstate Agreement on Detainers, as proceedings not accusing an individual with having committed a criminal offense cannot be remedied through the above Agreement, e.g. violations of probation.

11. Plaintiff's only avenue of relief was/is a Petition for writ of Habeas Corpus in the Florida court having jurisdiction over the Respondent of plaintiff's petition.

12. Defendant Atencio, as Director of the Idaho Department of Corrections, was the final decision maker, or policy maker, pertaining to the rights of prisoners incarcerated with the IDOC, including plaintiff's access to courts.

13. SOP 405.02.01.001 governs an inmates access to courts and defines what the IDOC considers as a "qualified legal claim."

14. Both Petitions for writ of Habeas Corpus and appeals resulting from the denial of such petitions are designated by the IDOC as qualified claims.

15. SOP 405.02.01.001 does not restrict the aforementioned claims geographically.

16. On July 30, 2018, plaintiff contacted the Paralegal at the Idaho State Correctional Center, requesting access to the necessary materials in order to prepare a Petition of Writ for Habeas Corpus.

17. On August 1, 2018, plaintiff received a response to his request informing him that he would "need to contact Florida and have them send this info to you."

18. The next day, plaintiff replied to the Paralegal's answer stating that, because he was not incarcerated in Florida, the law libraries at Florida correctional institutions would not send the plaintiff the material needed to prepare and/or adequately plead his petition.

19. On August 8, 2018, the Paralegal responded to plaintiff's reply echoing her previous answer.

20. On August 14, 2018, plaintiff contacted the Deputy Warden

p.4

of Operations at the Idaho State Correctional Center (ISCC), indicating his need for access to the requisite information and material to properly prepare plaintiff's petition for writ of habeas Corpus.

21. That same day, plaintiff received a response from the Deputy Warden instructing him to contact the IDOC statewide Access to Courts coordinator.

22. On September 11, 2018, in order to prevent any further delay, plaintiff prepared and filed a rudimentary pro se Petition for Writ of Habeas Corpus, in the Eighth Judicial Circuit Court, Alachua County, Florida; Shawn M. Kesling v. Sadie Darnell, Case No.: 01-2018-CA-3026.

23. Plaintiff challenged the Constitutionality of the statutes governing the disposition of violation proceedings in Florida and other due process issues surrounding the service of the warrant and detainer on plaintiff while in Idaho custody.

24. Plaintiff's petition was based upon plaintiff's significantly limited knowledge of Florida law and procedure.

25. On October 4, 2018, the Florida court denied plaintiff's petition for plaintiff's inability to properly establish a legal claim in order for the court to issue the writ.

26. That same day and in hopes of preparing a timely motion for rehearing of the Florida court's denial of plaintiff's petition, plaintiff contacted the IDOC Statewide Access to Courts Coordinator, renewing plaintiff's need for access to materials relevant to his habeas action.

27. On October 9, 2018, plaintiff received a response stating that SOP 405.02.01.001 does not require the IDOC to provide any additional materials other than the pre-made packets for use in Idaho matters. Plaintiff was further instructed to "contact the Florida State Supreme court law library," for assistance.

28. Plaintiff would need access to the rules of procedure and corresponding legal precedent in order to rebut the court's denial.

29. In fear of any time limitations, plaintiff filed a motion for rehearing on October 12, 2018.

30. On November 15, 2018, the Florida court denied plaintiff's motion on the grounds that "petitioner fails to demonstrate any point of law ... which would require rehearing."

31. Because of plaintiff's failure and inability to plead a legally sufficient petition, the habeas court was unable to determine plaintiff's claims for relief on the merits.

32. Absent such a determination, plaintiff cannot seek further appellate review in the Florida District Courts of Appeal.

33. On November 16, 2018, plaintiff appealed the responses of the ISCC Paralegal and Deputy Warden to the Warden of ISCC. Plaintiff stated that he was seeking access to materials pertaining to the preparation of an appeal of a habeas petition. Plaintiff reiterated his position that SOP 405.02.01.001 "definitively recognizes both habeas corpus and general appeals as qualified legal claims."

34. On December 4, 2018, plaintiff received a response from the Warden stating that plaintiff had "exhausted what could be accomplished from an Idaho standpoint without proceeding to Florida for the next steps."

35. Apart from obtaining photocopies and envelopes for mailing, plaintiff had not "accomplished" anything from the standpoint of access.

36. On December 5, 2018, utilizing personal paperwork from 2008, plaintiff filed a Notice of Appeal of the denial of his habeas petition.

37. Beyond this Notice, plaintiff will be unable to attempt to prepare the necessary pleadings on appeal, such as initial or reply briefs, without access to materials concerning such matters.

## CLAIMS FOR RELIEF

38. The failure of defendant Atencio to develop and implement a clear policy within the Idaho Department of Corrections regarding plaintiff's right of access to courts frustrated and/or impeded plaintiff's ability to prepare and plead his petition for writ of habeas corpus and general appeal of the denial of such petition constituted a denial of plaintiff's right of access to courts in violation of the First Amendment of the United States Constitution.

39. The failure of defendant Atencio to provide adequate materials or access to such materials within the Legal Resource Center at ISCC frustrated and/or impeded plaintiff's ability to sufficiently prepare and plead his petition for writ of habeas corpus and general appeal of the denial of such petition, thus, causing a potentially meritorious claim to fail or suffer failure in the future, constituted a violation of plaintiff's right to access to courts in violation of the First Amendment of the United States Constitution.

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

    A. Issue a declaratory judgment stating that:
        1. The failure of defendant Atencio to develop and implement a clear policy within the Idaho Department of Corrections regarding plaintiff's right of access to courts violated plaintiff's right of access under the First Amendment of the United States Constitution.

p. 7

   a. Defendant Atencio's failure to provide adequate law libraries or materials or access to materials within the Legal Resource Center at ISCC violated the plaintiff's right of access to courts under the First Amendment of the United States Constitution.

6. Issue an injunction ordering defendant Atencio, or his agent, the Idaho Department of Corrections to:

   1. Immediately arrange for plaintiff to have access to the requisite materials surrounding his petition for writ of habeas corpus and general appeal, including the relevant rules of procedure and legal precedent pertaining to plaintiff's claims.

   2. Immediately provide an adequate law library or materials or access of/to materials within the Legal Resource Center at ISCC to assist plaintiff in the preparation of a pleading of his petition for writ of habeas corpus or general appeal.

   c. Grant such other relief as it may appear that plaintiff is entitled.

December 19, 2018.

Respectfully submitted,

/s/ SK

Shawn M. Kesling, No. 71969
Idaho State Correctional Center Unit B2-2A
P.O. Box 70010
Boise, Idaho 83707

p. 8